IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MIKHAEL KOHEN<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 7:22-cv-00123 |
| VILLAGE CAPITAL & INVESTMENT, LLC<br>*Defendant* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant, Village Capital & Investment, LLC ("Defendant" or "VCI"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the 381st District Court of Starr County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. The grounds for removal are as follows:

### I.   PROCEDURAL BACKGROUND

1.   Plaintiff commenced this action by filing an Original Petition (the "Complaint") on April 4, 2022, in the 381st District Court of Starr County, Texas, and the case was docketed as Cause No. DC-22-159 (the "State Court Action"). In his Original Petition, Plaintiff urges unspecified claims against Defendant. Plaintiff alleges that he borrowed money, made payments, received a Notice of Acceleration in the Philippines, then got the "run around" when he attempted to reinstate the loan. Plaintiff seeks injunctive relief and an award of his fees an costs.

2.   Defendant filed their Original Answer on April 14, 2022.

3.   The parties are completely diverse and the amount in controversy exceeds $75,000.00. Pursuant to 28 U.S.C. §1446(b)(3), this Notice of Removal must be filed within thirty

days of the date that Defendant received a copy of the Petition. Defendant, through the undersigned counsel, first received a copy of Plaintiff's Original Petition on April 4, 2022.

4. No party has requested a jury trial in the State Court Action.

## II. PROCEDURAL REQUIREMENTS

5. Pursuant to Federal Rules of Civil Procedure 7.1 and 81, Defendant attach the following to this Notice of Removal:

   a. A Civil Cover Sheet (form JS-44) (**Exhibit 1**);

   b. Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction; Defendant's Original Answer and Counterclaim. (**Exhibit 2**);

   c. Order signed by State Judge (**Exhibit 3**);

   d. A copy of the State Court's Docket Sheet (**Exhibit 4**);

   e. An Index of All Documents Being Filed (**Exhibit 5**);

   f. A list of all counsel of record, including addresses, telephone numbers, and partied represented (**Exhibit 6**);

   g. Disclosure Statement and Statement of Interested Parties (**Exhibit 7**); and

   h. Records of property value, Hays County Appraisal District (**Exhibit 8**).

To the extent possible, these documents are arranged in chronological order according to the state court file date.

6. Concurrently with the filing of this Notice, Defendant is serving this Notice on Plaintiff and filing a copy of the Notice with the Starr County District Clerk.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 144(a), because the United States District Court for the Southern District of Texas, McAllen Division is the federal judicial district embracing Starr County, Texas, where this action was originally filed.

8.  Defendant is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit "7."**

9.  Defendant reserves the right to assert any defenses and/or objections to which they may be entitled.

### III.   BASIS FOR REMOVAL JURISDICTION

10. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the Unite States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

**A. Diversity Jurisdiction.**

**i. The Parties are Diverse, the Substitute Trustee is Improperly Joined.**

11. For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning to whenever he is absent there from. *See Preston v. Tenet Healthsytem Mem'l Med. Ctr.*, 485 F.3d 793, 797-798 (5th Cir. 2007). Plaintiff is domiciled in Rio Grande City, Starr County, Texas. *See* Complaint, p. 1, Sec. 1 (Exhibit 2). Therefore, Plaintiff is a citizen of Texas for diversity purposes.

12. VCI is a limited liability company. Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). The sole member of VCI s Gateway Funding DMS, L.P. A limited partnership is a citizen of the jurisdictions in which its partners are citizens. *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 457 (1900). Gateway Funding, Inc. is the General Partner

of Gateway Funding DMS, L.P. Gateway Funding, Inc. is a corporation existing under the laws of the State of Pennsylvania with its principal place of business in Horsham, Pennsylvania. It is therefore a citizen of Pennsylvania for diversity purposes. 28 U.S.C. §1332(c)(1). The limited partners of Gateway Funding DMS, L.P. are all citizens of the State of Pennsylvania. Gateway Funding DMS, L.P. is a citizen of Pennsylvania and therefore VCI is a citizen of Pennsylvania.

13.     Plaintiff is a citizen of Texas. Defendant is a citizen of Pennsylvania. Complete diversity of citizenship exists between the parties.

**B.    The Amount in Controversy Exceeds 75,000.00**

14.     Removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. "The test is whether it is more likely than not that the amount of the claim will exceed the jurisdictional minimum." *St. Paul Reinsurance Co. Ltd. V. Greenburg*, 134 F.3d 12250, 1253 n.13 (5th Cir. 1998). A defendant can meet this burden if other evidence shows the amount in controversy is more likely than not to exceed $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.2d 720, 723 (5th Cir. 2002).

15.     "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); Also see *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 346 (1977) and *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). The fair market value of property is an appropriate measure of the value of the injunctive relief sought to stop foreclosure of property. *See Berry v. Chase Home Finance*, LLC, No. C-09-116, 2009 WL 2868224 at *2 (S.D. Tex. August 27, 2009); *Also see Martinez v. BAC Home Loans Servicing, LP*, No. SA-09-CA-951-FB, 2010 WL 6511713 (W.D. Texas Sept 24, 2010); And *see Nationstar*

*Mortgage, LLC v. Knox*, 351 Fed.Appx. 844, 2009 WL 2605356 ("'[W]hen…a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d. 545, 547-48 (5th Cir. 1961))

16. In this case, Plaintiff seeks injunctive relief to restrain and enjoin Defendant from conducting a foreclosure sale of Plaintiff's property. Clearly the object of Plaintiff's litigation is his property. Plaintiff's property, 609 River Point Street, Rio Grande City, Texas 78582, is currently appraised at $130,320.00 according to the Starr County Appraisal District.

17. The facts contained in the Starr County Appraisal District reports are generally known within the territorial jurisdiction of this Court and are capable of being accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned. Moreover, these facts are adjudicative in that they evidence value. As such, these facts are subject to judicial notice under FED. RULE OF EVID. 201. Also See *Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011); (It is appropriate for the court to take judicial notice of the Harris County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Harris County Tax Appraisal District – cannot be reasonably questioned.). *S.E.C. v. Reynolds*, 2008 WL 4561560, at *3 (N.D. Tex. October 9, 2008) (indicating that the Court had taken judicial notice of publicly available information by reviewing appraised values as reported by the Collin County Appraisal District); *In re Adebo*, 2007 WL 3235122, at *1 (Bkrtcy. S.D. Tex. November 1, 2007) (the Court taking judicial notice of the Harris County Appraisal District valuation). VCI asks the Court to take judicial notice of **Exhibit 7** and the information reported by the Starr County Appraisal District in **Exhibit 7** attached hereto.

## V.  CONCLUSION

For the foregoing reasons, Defendant, Village Capital & Investment, LLC, respectfully asks this Court to accept this Notice of Removal, that this suit be removed to the United States District Court for the Southern District of Texas, McAllen Division, and that this Honorable Court exercise its jurisdiction over the claims and defenses presented in this lawsuit.

Dated:  April 14, 2022

Respectfully submitted,

HUGHES WATTERS ASKANASE, LLP

By: _____
Damian W. Abreo
Texas Bar No. 24006728
Total Plaza
1201 Louisiana Street, 28th Floor
Houston, Texas 77002
(713) 759-0818 (Telephone)
(713) 759-6834 (Facsimile)
dabreo@hwa.com (E-mail)

ATTORNEYS FOR DEENDANTS,
VILLAGE CAPITAL & INVESTMENT, LLC

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 14th day of April, 2022 addressed as follows:

*Via Email: info@popepena.com*
Jay Pena
POPE & PENA, P.C.
200 N. Britton Ave.
Rio Grande City, Texas 78582
**ATTORNEY FOR PLAINTIFF**

_____
Damian W. Abreo