United States District Court
Southern District of Texas

**ENTERED**

November 29, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MIKHAEL KOHEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-00123 |
| | § | |
| VILLAGE CAPITAL & INVESTMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now before the Court is Defendant Village Capital & Investment, LLC's Motion for Summary Judgment. (Dkt. No. 8). After considering the Motion and the relevant law, the Court is of the opinion that it should be **GRANTED**.

### I.       Factual and Procedural Background

Plaintiff Mikhael Kohen is a resident of Texas who filed an Original Petition in the 381st District Court of Starr County, Texas on April 4, 2022. (Dkt. No. 1, Exh. 2). In his Petition, Plaintiff sought a temporary restraining order and injunction against Defendant in order to prevent the foreclosure of Plaintiff's home. *Id.* at 1. Plaintiff alleged that he had been paying his mortgage payments to Defendant as agreed and that Defendant refused to acknowledge those payments and failed to properly assist Plaintiff in resolving any dispute. *Id.* at 1–2.

Defendant removed the case to this Court on April 14, 2022. (Dkt. No. 1). Defendant filed the instant Motion for Summary Judgment on September 9, 2022. (Dkt. No. 8). Plaintiff did not respond within the twenty-one days required by the Local Rules of this Court, so the Court notified the Parties that it would provide an additional fourteen days to respond or it would consider the Motion unopposed. Local Rules 7.3, 7.4; (Dkt. No. 9). Plaintiff then requested an additional

fourteen days to respond, which the Court granted. (Dkt. Nos. 10–11). Plaintiff has not responded to the Motion.

## II. Discussion

### A. Standard of Review

A district court must grant summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit under the governing law, and is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party moving for summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings and materials in the record, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(a), (c). Once the moving party carries its burden, the burden shifts to the nonmovant to go beyond the pleadings and provide specific facts showing the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(c).

In conducting its review of the summary judgment record, the court "may not make credibility determinations or weigh the evidence" and must resolve doubts and reasonable inferences regarding the facts in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255; *Dean v. City of Shreveport*, 438 F.3d 448, 454 (5th Cir. 2006). However, the nonmovant cannot satisfy its burden with "conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *see also Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir.

2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.").

### B.  Defendant's Motion for Summary Judgment

In its Motion, Defendant seeks summary judgment on all of Plaintiff's claims, arguing that Plaintiff has no evidence to support his assertion that he had not breached the terms of the mortgage loan and that Defendant can show that he was in breach. (*See* Dkt. No. 8). Plaintiff has not responded to Defendant's Motion within the time allowed by the Local Rules of this Court, so the Court considers the Motion as unopposed. *See* Local Rules 7.3, 7.4. The Court cannot grant a motion for summary judgment as unopposed, but it will accept as undisputed the facts listed in support of Defendant's Motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

Plaintiff's only substantive filing in this case is his Original Petition and Application for a Temporary Restraining Order filed in state court. (Dkt. No. 1, Exh. 2). In it, the only specific relief requested was a temporary restraining order against Defendants enjoining them from initiating the foreclosure. *Id.* at 4–5. Plaintiff did not assert any specific cause of action against Defendant. The Court will therefore consider whether Defendants are entitled to summary judgment against Plaintiff's claim for injunctive relief.

It is shown in Defendant's summary judgment evidence that Plaintiff executed a proper promissory note and a deed of trust to create a mortgage on the property at issue. (Dkt. No. 8 at 3). Plaintiff then made several payments before ultimately stopping regular monthly payments on the mortgage. *Id.* Defendant then accelerated the mortgage, and despite several attempts at loan repayment or loss mitigation, Plaintiff has remained in breach of the loan and has yet to pay what is owed to Defendant at this point. *Id.* at 4–6.

Plaintiff alleged in his affidavit accompanying his Petition that he had made timely payments each month prior to receiving the notice of acceleration. (Dkt. No. 1, Exh. 2 at 6). In his

Petition he claimed that he had "evidence to prove that he did not miss any of his monthly payments." (Dkt. No. 1 at 3). Plaintiff has not presented this evidence, while Defendant has presented payment records showing the time of default. (Dkt. No. 8, Exhs. I, I-1). Plaintiff has also not presented any evidence to suggest that Defendant did not properly accelerate the loan and initiate the foreclosure process. This Court therefore has no issue before it that would justify injunctive relief against Defendant.

Viewing all summary judgment evidence in the light most favorable to Plaintiff, it is apparent that there is no genuine dispute that a mortgage loan existed, Plaintiff defaulted on the loan, and Defendant accelerated the loan and initiated foreclosure proceedings. Plaintiff has not offered any other justification for enjoining Defendant. Defendant is entitled to summary judgment.

## C.  Attorney's Fees

Defendant's Motion for Summary Judgment also includes a Motion for Attorney's Fees under Rule 54(d)(2). (Dkt. No. 8 at 11). Defendant supports its Motion by showing that Plaintiff agreed to pay Defendant's reasonable costs and expenses expended in defense of its interests in the original note and deed of trust. (Dkt. No. 8 at 11–12, Exhs. A at 2, B at 5). Defendant's counsel submitted an affidavit noting that Defendant incurred fees and costs of $6,902.00 in this litigation. (Dkt. No. 8, Exh. Affidavit II).

As discussed above, Plaintiff has not responded to Defendant's Motion, so the Court considers Defendant's request for fees unopposed. The Court finds that Plaintiff agreed to pay Defendant's reasonable costs and that the costs shown by Defendant are not unreasonable. Defendant is therefore entitled to recover $6,902.00 in costs.

**III.     Conclusion**

It is, therefore, **ORDERED** that:

Defendant's Motion for Summary Judgment is **GRANTED** and all of Plaintiff's claims

are **DISMISSED**; and

Defendant shall recover from Plaintiff $6,902.00 in costs.

SO ORDERED November 29, 2022, at McAllen, Texas.

Randy Crane
United States District Judge